COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SAN JUAN JUDICIAL CENTER
SUPERIOR PART

| | |
|---|---|
| LUIS R. MALDONADO VAILLANT AND VICKY RODRIGUEZ TORRES, | CIVIL NO.: |
| Plaintiffs, | Re:  WRONGFUL DISMISSAL -Act No. 80 of May 20, 1976, as amended |
| V | AGE DISCRIMINATION – Act No. 100 of June 30, 1959, as amended |
| EUROBANK, | DAMAGES – Article 1802 |
| Defendant. | |

**COMPLAINT**

TO THE HONORABLE COURT:

COME NOW, plaintiffs through the undersigned attorney and respectfully states and prays:

1.    Plaintiff, Luis R. Maldonado Vaillant (Maldonado) and Vicky Rodriguez Torres (Rodriguez) are married to each other and live at Condominium Segovia, Apt. 1911, San Juan, Puerto Rico 00918 which belongs to the jurisdiction of this Honorable Court.

2.    Defendant, Eurobank, is a financial and banking company which is incorporated and authorized to do business in the Commonwealth of Puerto Rico. Defendant's physical address is Quebrada Arena, Road 1, Km. 24.5, San Juan, Puerto Rico 00926. Defendant's mailing address is P.O. Box 191009, San Juan, Puerto Rico 00919-1009.

3.    Maldonado started to work for defendant on March 12, 2001 as Operations Officer for the Leasing Division.

4.  Maldonado was dismissed on January 11, 2008. At such time, Maldonado was 67 years old and held the position of Assistant Vice President of Operations for the Leasing Division where he earned a salary of $4,750 monthly. Maldonado rendered services for six (6) years and ten (10) months for defendant.

5.  Maldonado's dismissal was without just cause and the defendant did not pay him the indemnity for wrongful dismissal, which he is entitled to, under Act No. 80 of May 30, 1976 (29 L.P.R.A. §185), as amended on October 7, 2005.

6.  The highest salary earned by Maldonado in the last year prior to his dismissal was $4,750 monthly.

7.  Based on the period during which Maldonado rendered services to defendant, he is entitled to receive the sum of $30,480.00 as severance pay, in addition to the other amounts requested herein.

8.  During his employment with defendant, Maldonado was subjected to age discrimination.

9.  Maldonado was the target of discriminating remarks based on his age by other employees of defendant.

10.  Maldonado's wrongful dismissal was really based on plaintiff's age.

11.  This conduct of defendant is clearly illegal and in violation of Act No. 100 of June 30, 1959 (29 L.P.R.A. §148), as amended.

12.  For such reason, Maldonado has suffered economic losses which are estimated in not less than $285,000.00. Likewise, Maldonado has suffered

2

damages and mental anguish which are estimated in not less than $100,000.00. Said amounts must be duplicated pursuant to the provisions of Act No. 100.

13.     Rodriguez, Maldonado's wife, has suffered damages and mental anguish for the negligent and discriminatory acts of defendant.

14.     Rodriguez's damages are estimated in not less than $75,000.00.

15.     Finally, it is requested that this Honorable Court impose a just and reasonable amount for fees, costs and expenses in this action.

WHEREFORE, plaintiffs request that on its day and after the corresponding legal proceedings, Judgment be issued against defendant ordering it to satisfy the requests herein.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, March 1, 2008.

NIGAGLIONI & FERRAIUOLI LAW OFFICES, P.S.C.
Attorneys for plaintiff
P.O. Box 195384
San Juan, Puerto Rico 00919-5384
Tel. (787) 765-9966
Telefax: (787) 751-2520

s/ illegible
Ruben T. Nigaglioni
Bar membership No. 4344
ruben@nf-legal.com

-CERTIFIED-
To be a correct translation made and/or
submitted by the interested party

Certified Court Interpreter Administrative
Office of the United States Courts

3

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SAN JUAN JUDICIAL CENTER
SUPERIOR PART

| | |
|---|---|
| LUIS R. MALDONADO VAILLANT AND VICKY RODRIGUEZ TORRES, | CIVIL NO.: KPE08-0872 |
| Plaintiffs, | Re: WRONGFUL DISMISSAL -Act No. 80 of May 20, 1976, as amended |
| V | AGE DISCRIMINATION – Act No. 100 of June 30, 1959, as amended |
| EUROBANK, | DAMAGES – Article 1802 |
| Defendant. | |

## SUMMONS

UNITED STATES OF AMERICA )
THE PRESIDENT OF THE UNITED STATES )
THE COMMONWEALTH OF PUERTO RICO )

TO:   EUROBANK, CORP.
      Road #1 Km. 24.5
      Quebrada Arena Ward
      San Juan, Puerto Rico

that is, the defendant above.

      YOU ARE HEREBY served and required to notify:

Ruben T. Nigaglioni
P.O. Box 195384
San Juan, Puerto Rico 00919-5384

Telephone:  (787) 765-99666

attorney for plaintiff, whose address is the one indicated, with copy of your Answer to the Complaint, copy of which is served herein, within the twenty (20) days from the personal service of this Summons, excluding the day of service,

advising you that in the event you do not do so Judgment by Default may be entered against you, granting the remedy requested in the Complaint.

ISSUED UNDER MY SIGNATURE and the seal of the Court on March 6, 2008.

Griselda Rodriguez Collado

Clerk


s/ illegible
Neida Catala Lopez
Deputy Clerk

,

2

## CERTIFICATE OF SERVICE BY PARTICULAR PERSON

I, Ariel Diaz Torres, previously sworn in, STATE:

That my name is the one stated, I am of legal age, I know how to read and write and I am not plaintiff's attorney in this matter, nor a party in this lawsuit, nor do I have any interest in the same.

That I received this summons on March 10, 2008, notifying it personally to Eurobank c/o Beatriz Recardo Pietrantoni, Assistant, that is, the defendant mentioned in said summons, on March 11, 2008, at 1:30 p.m., in Road #1, Km. 24.5, Quebrada Arena Ward, San Juan Puerto Rico, personally delivering copy of the Complaint filed and copy of this summons on the back of which I certified under my signature the date and place of its service and notification.

s/ illegible

-CERTIFIED-
To be a correct translation made and/or
submitted by the interested party

Certified Court Interpreter Administrative
Office of the United States Courts

3

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SAN JUAN JUDICIAL CENTER
SUPERIOR PART

| | |
|---|---|
| LUIS R. MALDONADO VAILLANT AND VICKY RODRIGUEZ TORRES, | CIVIL NO.: KPE08-0872 |
| Plaintiffs, | Re: WRONGFUL DISMISSAL, DISCRIMINATION and DAMAGES |
| V | |
| EUROBANK, | |
| Defendant. | |

There appears a date stamp which reads: Received – Filings Office- March 28, 2008 4:33 p.m.

## ANSWER TO THE COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW defendant, EUROBANK, INC., (hereinafter Eurobank and/or the institution and/or the defendant), through its undersigned legal representation and very respectfully states, alleges and prays as follows:

1.    The first paragraph of the Complaint is admitted.

2.    The second paragraph of the Complaint is admitted.

3.    The third paragraph of the Complaint is admitted.   That is that plaintiff Luis R. Maldonado started to work with Eurobank, Leasing Division on March 12, 2001.

4.    Of the fourth paragraph of the Complaint it is admitted that plaintiff, Luis Maldonado, worked as Assistant Vice President of the Leasing Operations Area; that's he had a monthly salary of $4,750.00 and that he was dismissed on January 11, 2008. The remainder of the paragraph is denied.

5.     The fifth paragraph of the Complaint is denied.   It is affirmatively alleged the existence of just cause for his dismissal.

6.     The sixth paragraph of the Complaint is admitted.

7.     The seventh paragraph of the Complaint is denied.  Besides it is a controversy of law which does not require a responsive allegation.

8.     The eighth paragraph of the Complaint is denied.

9.     The ninth paragraph of the Complaint is denied.

10.     The tenth paragraph of the Complaint is denied.

11.     The eleventh paragraph of the Complaint is denied.

12.     The twelfth paragraph of the Complaint is denied.

13.     The thirteenth paragraph of the Complaint is denied.

14.     The fourteenth paragraph of the Complaint is denied.

15.     The fifteenth paragraph of the Complaint does not require a responsive allegation.  In the alternative, it is denied.

All allegations which have not been expressly admitted in this Answer to the Complaint are denied, including its pleading.

### AFFIRMATIVE DEFENSES

A.     The Complaint is fully or partially time-barred.

B.     Eurobank did not incur in discriminatory conduct towards the plaintiff by reason of his age, nor by any other. In fact the banking institution recruited plaintiff when he was 60 years old.

2

C.     On the date of the facts narrated in the Complaint, Eurobank had and presently has policies in effect against discrimination in employment which were broadly known by the plaintiff, who acknowledged receipt of the same.

D.     Plaintiff was never the object and/or victim of discrimination by any of the employees of the defendant. Additionally, neither did he complain against his employer about the alleged comments which he first alleges in the complaints were made by other employees. In this sense plaintiff did not comply with the rules of the company and prevented the institution from adequately investigating any allegation of discrimination and taking any corrective action, had it been necessary. Defendant including its employees or any person from management, did not incur in any conduct constituting age discrimination, nor any other nature against plaintiff.

E.     The allegations of the complaint as drafted fail to state a cause of action which justifies the granting of remedies.    In fact, the allegations on the alleged discrimination and damages are vague, superfluous, concise, generic and lacking facts that sustain these. As is known, the Rules of Civil Procedure state that certain matters have to be specifically alleged otherwise they shall be deemed waived. Special damages must be specifically alleged. Rule 7.4 of Civil Procedure, 32 L.P.R.A. Ap. III, *Diaz v Marshak Auto Dist., Inc.*, 95  D.P.R.    690, 702  (1968);     J.A.  Cuevas  Segarra,  *Practica  Procesal  Puertorriqueña: Procedimiento Civil,* San Juan, Pubs. J.T.S., 1984, Vol. II, Cap. III, pages 53-54. As the complaint does not allege special damages, any claim for this concept is deemed waived.

3

Neither do the allegations of the complaint establish a claim for alleged discriminatory treatment in which plaintiff has the burden of proof.

F.      The plaintiff has not established the minimum requisites to establish a presumption of discrimination in relation to his termination of employment.  In fact, solely for arguments sake, even in the event that the Honorable Court understands that the acts committed by plaintiff do not constitute just cause for dismissal, nonetheless these constitute a legitimate non-discriminatory reason and not a pretext for his termination, which also necessarily disposes of the alleged discrimination claim.

G.      The presumption of discrimination is not activated at the stage of the allegations.

H.      The presumption of discrimination provided in Act No. 100 of June 30, 1959 (29 L.P.R.A. Sec. 141 et seq.) is unconstitutional as there is no causal nexus between the basic fact and the fact presumed.

I.      There is no causal relation between plaintiff's age and his dismissal.  Also, age was not a factor and was not even considered by defendant upon determining his dismissal.  That is, plaintiff's age had nothing to do with the institution's decision.  Plaintiff has not established a *prima facie* case of age discrimination.

J.      If plaintiffs have suffered any damage, which is denied, there is no causal nexus between the alleged acts of the defendants and said damage.

The Complaint does not establish specific facts which show or establish that the plaintiffs have suffered damages caused directly or indirectly by

defendant therefore they have no cause of action nor are they entitled to receive any compensation for damages.

K.   Said damages, if any, are self-inflicted.

L.   If plaintiffs suffered any damage, which is denied, the amount claimed is speculative and exaggerated.

M.   Any damage claimed by plaintiffs is due to their own negligence and guilt and/or guilt of third parties extraneous to defendant.

N.   Plaintiffs have not mitigated damages, if any.

O.   Plaintiff was negligent, careless and inefficient in the performance of his functions and failed to comply with the duties of his position. Plaintiff's dismissal was fully justified, because he did not adequately exercise the supervisory duties of his position towards his subordinates. This situation provoked that the personnel of lower rank incurred in practices contrary to the standards of the institution, to collect inappropriate charges for double penalty detrimental to the institution and its clients. Additionally, the lack of adequate supervision by the plaintiff over his subordinates provoked that the institution suffer economic losses totaling $125,000.00 due to his lack of diligence. The institution dismissed other employees as a result of these deviations. Also, his lack of diligence and supervision has exposed the institutional to potential claims by its clients.

Plaintiff's lack of adequate supervision and his carelessness provoked that this situation was not timely corrected or that effective and immediate measures be adopted to prevent these events. It is evident that

plaintiff failed his duties, showing negligence, ineptitude and inefficiency in his work and in doing so acted against the best interests of the institution.

On the other hand, during the investigation realized by the institution, plaintiff denied having knowledge of the irregularities subject of investigation, although later plaintiff submitted copy of a communication he had addressed to one of his subordinates in December 2006, telling him to discontinue the practice of collecting excessive charges for "double penalty." Evidently during the investigation plaint6iff hid essential information to the institution, which is contrary to the rules of the company and his duties as employee and was dishonest. In turn, the communication confirms that since prior to December 2006, plaintiff knew of the irregularities committed by the personnel under his charge and did not take adequate, effective and immediate measures to avoid this situation, which later resulted damaging to the institution and its clients.

Consequently, the plaintiff's dismissal was justified and motivated by legitimate and not pretextual reasons of the business, addressed to procuring the good and normal operation of the institution and not by reason of his age.

P.      Plaintiff's conduct configured violations to the Standards Manual and Ethics Code of the institution. The seriousness of the faults incurred by plaintiff entail dismissal and would have constituted imprudence on the part of the company to expect the reiteration of said conduct to take corrective action.

Q.      In these circumstances, the plaintiff's dismissal was not arbitrary or capricious, rather it was related to the normal and good operation of the

6

company. All the acts of the defendant towards the plaintiff were for legitimate, justified reasons, not discriminatory and related with the adequate administration of the business.

**As is known, the negligence, incompetence, disloyalty and disobedience of the rules and orders of the employer, are justified reasons to dismiss an employee**. Mercedes Business Line v Tribunal de Distrito, 70 D.P.R. 690, 695 (1949).  On the particular, in Blanes v Tribunal de Distrito, 69 D.P.R. 113, 120 (1948), our Supreme Court stated:

> "All employment contracts have, expressly or implicitly, the condition that the employee is to comply with the duties of its employment in a competent manner and consequently **if it is shown that the employee is incompetent, inefficient or negligent, in such manner that to continue with its services would result damaging to the employer and even third parties, this fact constitutes just cause for the dismissal.**"

On the other hand, in *Autoridad de Edificios Publicos v Union Independiente de Empleados*, 130 D.P.R. 983 (1992), the Supreme Court of PR determined that "lying tends to destroy the dynamics with the employee and affects the good operation of the company. This act, similar to the one presented n the case at bar, is an act of dishonesty which denotes an absence of moral values." See also:  *Miranda Ayala v Hospital San Pablo*, 2007 TSPR 62.

R.    Equitable estoppel, latches, unjust enrichment.

S.    The employer immunity provided by Act No. 45 of April 18, 1935, as amended, 11 L.P.R.A. §1 *et seq.*, is applicable to the facts alleged in the

7

Complaint. Consequently, plaintiffs lack a cause of action in alleged damages against the institution.

T.      The remedies requested are excessive and contrary to law.

U.      Co-plaintiffs incurred in temerity by filing this Complaint.

V.      Defendant does not owe any amount to the plaintiffs.

W.      Defendant reserves the right to amend this answer to thereafter include any other affirmative defense unknown to it and/or which may arise during discovery.

## ADMINISTRATIVE ORDER NUMBER XVI

In relation to Administrative Order Number XVI of the Supreme Court of Puerto Rico we inform the following:

| | |
|---|---|
| Name: | Eurobank, Inc. |
| Physical address: | Road No. 1, Km. 24.5 Quebrada Arenas Ward San Juan, Puerto Rico 00926 |
| Mailing address: | P.O. Box 191009 San Juan, Puerto Rico 00919-1009 |
| Telephone: | 787-281-7220 |

WHEREFORE, we very respectfully request this Honorable Court dismiss the Complaint in its entirety.

RESPECTFULLY SUBMITTED.

I certify that on this same date I have sent a true and exact copy of this motion to: Ruben Nigaglioni, Esq., P.O. Box 195384, San Juan, Puerto Rico 00919-5384.

In San Juan, Puerto Rico, today Friday, March 28, 2008.

8

FIDDLER GONZALEZ & RODRIGUEZ PSC
P.O. BOX 363507
San Juan, Puerto Rico 00936-3507
Tel. 759-3149
Fax:  250-7565

s/ illegible
CARLOS A. PADILLA VELEZ
Bar membership No. 12,748

2859-0025

-CERTIFIED-
To be a correct translation made and/or
submitted by the interested party

Certified Court Interpreter Administrative
Office of the United States Courts

9

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SAN JUAN JUDICIAL CENTER
SUPERIOR PART

| | |
|---|---|
| LUIS R. MALDONADO VAILLANT AND VICKY RODRIGUEZ TORRES, | CIVIL NO.: KPE08-0872 |
| Plaintiffs, | Re: WRONGFUL DISMISSAL, DISCRIMINATION and DAMAGES |
| V | |
| EUROBANK, | |
| Defendant. | |

## ANSWER TO THE COMPLAINT

### TO THE HONORABLE COURT:

COMES NOW defendant, EUROBANK, INC., (hereinafter Eurobank and/or the institution and/or the defendant), through its undersigned legal representation and very respectfully states, alleges and prays as follows:

1.    The first paragraph of the Complaint is admitted.

2.    The second paragraph of the Complaint is admitted.

3.    The third paragraph of the Complaint is admitted.   That is that plaintiff Luis R. Maldonado started to work with Eurobank, Leasing Division on March 12, 2001.

4.    Of the fourth paragraph of the Complaint it is admitted that plaintiff, Luis Maldonado, worked as Assistant Vice President of the Leasing Operations Area; that's he had a monthly salary of $4,750.00 and that he was dismissed on January 11, 2008. The remainder of the paragraph is denied.

5.     The fifth paragraph of the Complaint is denied.  It is affirmatively alleged the existence of just cause for his dismissal.

6.     The sixth paragraph of the Complaint is admitted.

7.     The seventh paragraph of the Complaint is denied.  Besides it is a controversy of law which does not require a responsive allegation.

8.     The eighth paragraph of the Complaint is denied.

9.     The ninth paragraph of the Complaint is denied.

10.     The tenth paragraph of the Complaint is denied.

11.     The eleventh paragraph of the Complaint is denied.

12.     The twelfth paragraph of the Complaint is denied.

13.     The thirteenth paragraph of the Complaint is denied.

14.     The fourteenth paragraph of the Complaint is denied.

15.     The fifteenth paragraph of the Complaint does not require a responsive allegation.  In the alternative, it is denied.

All allegations which have not been expressly admitted in this Answer to the Complaint are denied, including its pleading.

### AFFIRMATIVE DEFENSES

A.     The Complaint is fully or partially time-barred.

B.     Eurobank did not incur in discriminatory conduct towards the plaintiff by reason of his age, nor by any other. In fact the banking institution recruited plaintiff when he was 60 years old.

2

C.     On the date of the facts narrated in the Complaint, Eurobank had and presently has policies in effect against discrimination in employment which were broadly known by the plaintiff, who acknowledged receipt of the same.

D.     Plaintiff was never the object and/or victim of discrimination by any of the employees of the defendant.  Additionally, neither did he complain against his employer about the alleged comments which he first alleges in the complaints were made by other employees.  In this sense plaintiff did not comply with the rules of the company and prevented the institution from adequately investigating any allegation of discrimination and taking any corrective action, had it been necessary.  Defendant including its employees or any person from management, did not incur in any conduct constituting age discrimination, nor any other nature against plaintiff.

E.     The allegations of the complaint as drafted fail to state a cause of action which justifies the granting of remedies.   In fact, the allegations on the alleged discrimination and damages are vague, superfluous, concise, generic and lacking facts that sustain these.  As is known, the Rules of Civil Procedure state that certain matters have to be specifically alleged otherwise they shall be deemed waived.  Special damages must be specifically alleged.  Rule 7.4 of Civil Procedure, 32 L.P.R.A. Ap. III, *Diaz v Marshak Auto Dist., Inc.*, 95  D.P.R.   690, 702  (1968);     J.A.  Cuevas  Segarra,  *Practica  Procesal  Puertorriqueña: Procedimiento Civil,* San Juan, Pubs. J.T.S., 1984, Vol. II, Cap. III, pages 53-54. As the complaint does not allege special damages, any claim for this concept is deemed waived.

3

Neither do the allegations of the complaint establish a claim for alleged discriminatory treatment in which plaintiff has the burden of proof.

F.     The plaintiff has not established the minimum requisites to establish a presumption of discrimination in relation to his termination of employment. In fact, solely for arguments sake, even in the event that the Honorable Court understands that the acts committed by plaintiff do not constitute just cause for dismissal, nonetheless these constitute a legitimate non-discriminatory reason and not a pretext for his termination, which also necessarily disposes of the alleged discrimination claim.

G.     The presumption of discrimination is not activated at the stage of the allegations.

H.     The presumption of discrimination provided in Act No. 100 of June 30, 1959 (29 L.P.R.A. Sec. 141 et seq.) is unconstitutional as there is no causal nexus between the basic fact and the fact presumed.

I.     There is no causal relation between plaintiff's age and his dismissal. Also, age was not a factor and was not even considered by defendant upon determining his dismissal. That is, plaintiff's age had nothing to do with the institution's decision. Plaintiff has not established a *prima facie* case of age discrimination.

J.     If plaintiffs have suffered any damage, which is denied, there is no causal nexus between the alleged acts of the defendants and said damage.

The Complaint does not establish specific facts which show or establish that the plaintiffs have suffered damages caused directly or indirectly by

4

defendant therefore they have no cause of action nor are they entitled to receive any compensation for damages.

K.    Said damages, if any, are self-inflicted.

L.    If plaintiffs suffered any damage, which is denied, the amount claimed is speculative and exaggerated.

M.    Any damage claimed by plaintiffs is due to their own negligence and guilt and/or guilt of third parties extraneous to defendant.

N.    Plaintiffs have not mitigated damages, if any.

O.    Plaintiff was negligent, careless and inefficient in the performance of his functions and failed to comply with the duties of his position. Plaintiff's dismissal was fully justified, because he did not adequately exercise the supervisory duties of his position towards his subordinates. This situation provoked that the personnel of lower rank incurred in practices contrary to the standards of the institution, to collect inappropriate charges for double penalty detrimental to the institution and its clients. Additionally, the lack of adequate supervision by the plaintiff over his subordinates provoked that the institution suffer economic losses totaling $125,000.00 due to his lack of diligence. The institution dismissed other employees as a result of these deviations. Also, his lack of diligence and supervision has exposed the institutional to potential claims by its clients.

Plaintiff's lack of adequate supervision and his carelessness provoked that this situation was not timely corrected or that effective and immediate measures be adopted to prevent these events. It is evident that

5

plaintiff failed his duties, showing negligence, ineptitude and inefficiency in his work and in doing so acted against the best interests of the institution.

On the other hand, during the investigation realized by the institution, plaintiff denied having knowledge of the irregularities subject of investigation, although later plaintiff submitted copy of a communication he had addressed to one of his subordinates in December 2006, telling him to discontinue the practice of collecting excessive charges for "double penalty." Evidently during the investigation plaint6iff hid essential information to the institution, which is contrary to the rules of the company and his duties as employee and was dishonest.  In turn, the communication confirms that since prior to December 2006, plaintiff knew of the irregularities committed by the personnel under his charge and did not take adequate, effective and immediate measures to avoid this situation, which later resulted damaging to the institution and its clients.

Consequently, the plaintiff's dismissal was justified and motivated by legitimate and not pretextual reasons of the business, addressed to procuring the good and normal operation of the institution and not by reason of his age.

P.      Plaintiff's conduct configured violations to the Standards Manual and Ethics Code of the institution.  The seriousness of the faults incurred by plaintiff entail dismissal and would have constituted imprudence on the part of the company to expect the reiteration of said conduct to take corrective action.

Q.      In these circumstances, the plaintiff's dismissal was not arbitrary or capricious, rather it was related to the normal and good operation of the

6

company. All the acts of the defendant towards the plaintiff were for legitimate, justified reasons, not discriminatory and related with the adequate administration of the business.

**As is known, the negligence, incompetence, disloyalty and disobedience of the rules and orders of the employer, are justified reasons to dismiss an employee**. Mercedes Business Line v Tribunal de Distrito, 70 D.P.R. 690, 695 (1949).  On the particular, in Blanes v Tribunal de Distrito, 69 D.P.R. 113, 120 (1948), our Supreme Court stated:

> "All employment contracts have, expressly or implicitly, the condition that the employee is to comply with the duties of its employment in a competent manner and consequently **if it is shown that the employee is incompetent, inefficient or negligent, in such manner that to continue with its services would result damaging to the employer and even third parties, this fact constitutes just cause for the dismissal."**

On the other hand, in *Autoridad de Edificios Publicos v Union Independiente de Empleados*, 130 D.P.R. 983 (1992), the Supreme Court of PR determined that "lying tends to destroy the dynamics with the employee and affects the good operation of the company. This act, similar to the one presented n the case at bar, is an act of dishonesty which denotes an absence of moral values." See also: *Miranda Ayala v Hospital San Pablo*, 2007 TSPR 62.

R.   Equitable estoppel, latches, unjust enrichment.

S.   The employer immunity provided by Act No. 45 of April 18, 1935, as amended, 11 L.P.R.A. §1 *et seq*., is applicable to the facts alleged in the

7

Complaint.   Consequently, plaintiffs lack a cause of action in alleged damages against the institution.

     T.    The remedies requested are excessive and contrary to law.

     U.    Co-plaintiffs incurred in temerity by filing this Complaint.

     V.    Defendant does not owe any amount to the plaintiffs.

     W.    Defendant reserves the right to amend this answer to thereafter include any other affirmative defense unknown to it and/or which may arise during discovery.

### ADMINISTRATIVE ORDER NUMBER XVI

In relation to Administrative Order Number XVI of the Supreme Court of Puerto Rico we inform the following:

| | |
|---|---|
| Name: | Eurobank, Inc. |
| Physical address: | Road No. 1, Km. 24.5<br>Quebrada Arenas Ward<br>San Juan, Puerto Rico 00926 |
| Mailing address: | P.O. Box 191009<br>San Juan, Puerto Rico 00919-1009 |
| Telephone: | 787-281-7220 |

WHEREFORE, we very respectfully request this Honorable Court dismiss the Complaint in its entirety.

RESPECTFULLY SUBMITTED.

I certify that on this same date I have sent a true and exact copy of this motion to:  Ruben Nigaglioni, Esq., P.O. Box 195384, San Juan, Puerto Rico 00919-5384.

In San Juan, Puerto Rico, today Friday, March 28, 2008.

8

FIDDLER GONZALEZ & RODRIGUEZ PSC
P.O. BOX 363507
San Juan, Puerto Rico 00936-3507
Tel. 759-3149
Fax:  250-7565

s/ illegible
CARLOS A. PADILLA VELEZ
Bar membership No. 12,748

2859-0025

(There appear Internal Revenue Stamps for the value of $42.00)

-CERTIFIED-
To be a correct translation made and/or
submitted by the interested party

Certified Court Interpreter Administrative
Office of the United States Courts

9

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SAN JUAN JUDICIAL CENTER
SUPERIOR PART

| | |
|---|---|
| LUIS R. MALDONADO VAILLANT AND VICKY RODRIGUEZ TORRES, | CIVIL NO.: KPE2008-0872 |
| Plaintiffs, | Re: ALLEGED WRONGFUL DISMISSAL, DISCRIMINATION and DAMAGES |
| V | |
| EUROBANK, INC. | |
| Defendant. | |

### NOTICE FOR DEPOSITION BY ORAL EXAMINATION UNDER RULE 27 OF CIVIL PROCEDURE AND REQUEST FOR DOCUMENTS

**To:**      LUIS MALDONADO VAILLANT and VICKY RODRIGUEZ TORRES

c/o:      Ruben Nigaglioni, Esq.

**From:**   EUROBANK, INC.

c/o:      Carlos A. Padilla Velez, Esq.

Pursuant to Rule 27.1 of Civil Procedure, defendant requires through your attorney to appear on Thursday, May 1, 2008 at 9:30 a.m. at the offices of Fiddler, Gonzalez & Rodriguez, PSC, BBVA Building, 6th Floor, #254 Muñoz Rivera Avenue corner Chardon Ave., in Hato Rey, for the taking of your deposition, by oral examination before Notary.

**Pursuant to the Rules of Civil Procedure you must provide us at least ten (10) days prior to the date of the deposition, to be examined and/or copied, the following documents:**

1. All the documentary evidence you purport to use in the trial to sustain your allegations on alleged damages suffered.

2. All the documents in your possession related to your allegations and a description of what you propose to prove with each one of them.

3. Any written statement, regardless of whether it is sworn or not, of any person, that includes the witnesses to be used during the trial, related to the facts of this case. If any expert has submitted a report, submit copy of the same.

4. All the calculations related to your claim.

5. Name, address of all the doctors or physicians visited by you in relation to the claims in your Complaint, as well as the file number and an authorization to reproduce it.

6. Name, address of all the witnesses you propose to use as evidence during this lawsuit and a summary of what they propose to testify.

7. Name and address of all the persons who have knowledge of the facts alleged by you in the Complaint.

8. All the documents in your possession having to do with our relationship with the defendants, including copies of checks, contracts, manuals, disciplinary actions, notifications, notices, letters and any other document.

9. Copy of the Income Tax Returns for the year 2005 to the present.

10.     Any other document which is in your possession or in the possession of your attorney which somehow relates the allegations presented in the litigation.

You are advised that should you fail to appear at the taking of the aforementioned deposition on the date and time indicated and produce the documents indicated, the Court shall be requested to apply sanctions, including the dismissal of this litigation.

RESPECTFULLY SUBMITTED.

I CERTIFY having sent copy of this motion to Ruben Nigaglioni, Esq., P.O. Box 195384, San Juan, Puerto Rico 00919-5384.

In San Juan, Puerto Rico, Friday, March 28, 2008.

FIDDLER GONZALEZ & RODRIGUEZ PSC
P.O. BOX 363507
San Juan, Puerto Rico 00936-3507
Tel. 759-3149
Fax:  250-7565


s/ illegible
CARLOS A. PADILLA VELEZ
Bar membership No. 12,748

-CERTIFIED-
To be a correct translation made and/or
submitted by the interested party

Certified Court Interpreter Administrative
Office of the United States Courts

3

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SUPERIOR PART SAN JUAN

| | |
|---|---|
| LUIS R. MALDONADO VAILLANT AND VICKY RODRIGUEZ TORRES, | CIVIL NO.: KPE2008-0872 (502) |
| Plaintiffs, | SPECIAL PROCEEDINGS WRONGFUL DISMISSAL |
| V | |
| EUROBANK, INC. | |
| Defendant. | |

CARLOS A. PADILLA VELEZ, ESQ.
FIDDLER GONZALEZ & RODRIGUEZ
P.O. BOX 363507
SAN JUAN, PR            00936-3507

NOTIFICATION

I CERTIFY THAT IN RELATION TO THE ANSWER TO THE COMPLAINT ON APRIL 2, 2008 THE COURT ISSUED THE ORDER WHICH IS TRANSCRIBED BELOW:

NOTED AND FILE.



s/ KATHERYNE D. SILVESTRY HERNANDEZ

Judge

I ALSO CERTIFY THAT ON THIS DATE I SENT BY MAIL COPY OF THIS NOTIFICATION TO THE FOLLOWING PERSONS TO THEIR ADDRESSES INDICTED, HAVING ON THIS SAME DATE FILED IN THER ECORD A COPY OF THIS NOTIFICATION.

RUBEN T. NIGAGLIONI MIGNUCCI, ESQ.

PO BOX 195384                    SAN JUAN PR
                                00919-5384

    SAN JUAN, PUERTO RICO, APRIL 4, 2008.

                      REBECCA RIVERA TORRES, ESQ.
                      CLERK

        BY:   S/ ILLEGIBLE
               SONIA ORTIZ
               DEPUTY CLERK

-CERTIFIED-
To be a correct translation made and/or
submitted by the interested party

Certified Court Interpreter Administrative
Office of the United States Courts

2

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SUPERIOR PART SAN JUAN

| | |
|---|---|
| LUIS R. MALDONADO VAILLANT AND VICKY RODRIGUEZ TORRES, | CIVIL NO.: KPE2008-0872 (502) |
| Plaintiffs, | SPECIAL PROCEEDINGS WRONGFUL DISMISSAL |
| V | |
| EUROBANK, INC. | |
| Defendant. | |

CARLOS A. PADILLA VELEZ, ESQ.
FIDDLER GONZALEZ & RODRIGUEZ
P.O. BOX 363507
SAN JUAN, PR            00936-3507

NOTIFICATION

I CERTIFY THAT IN RELATION TO THE ABOVE CAPTIONED CASE ON OCTOBER 2, 2008 THE COURT ISSUED THE ORDER WHICH IS TRANSCRIBED BELOW:

ENCLOSURE: ORDER

s/ KATHERYNE D. SILVESTRY HERNANDEZ

Judge

I ALSO CERTIFY THAT ON THIS DATE I SENT BY MAIL COPY OF THIS NOTIFICATION TO THE FOLLOWING PERSONS TO THEIR ADDRESSES INDICATED, HAVING ON THIS SAME DATE FILED IN THER ECORD A COPY OF THIS NOTIFICATION.

RUBEN T. NIGAGLIONI MIGNUCCI, ESQ.

PO BOX 195384                          SAN JUAN PR
                                       00919-5384

SAN JUAN, PUERTO RICO, OCTOBER 7, 2008.

                          REBECCA RIVERA TORRES, ESQ.
                          CLERK

              BY:    S/ ILLEGIBLE
                     SONIA ORTIZ
                     DEPUTY CLERK

-CERTIFIED-
To be a correct translation made and/or
submitted by the interested party

Certified Court Interpreter Administrative
Office of the United States Courts

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SUPERIOR PART SAN JUAN

| | |
|---|---|
| LUIS R. MALDONADO VAILLANT et al, <br><br> Plaintiffs, <br><br> V <br><br> EUROBANK <br><br> Defendants. | CIVIL NO.: KPE2008-0872 (502) <br><br> RE: WRONGFUL DISMISSAL |

## ORDER

The provisions of Rule 39.2(b) of the Rules of Civil Procedure of 1979 addressed and there appearing from the record of this case that there has been no prosecution by plaintiff during the past six (6) months, it is hereby required that plaintiff within the term of ten (10) days, counted from the date of the notification of this Order, express in writing the reasons why this case should not be dismissed and closed.

NOTIFY plaintiff to the address of record.

In San Juan, Puerto Rico, October 2,2008.

s/

KATHERYNE D. SILVESTRY

Judge, Superior Court

I CERTIFY:
REBECCA RIVERA TORRES, ESQ.
GENERAL CLERK

-CERTIFIED-
To be a correct translation made and/or
submitted by the interested party

Certified Court Interpreter Administrative
Office of the United States Courts

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SAN JUAN JUDICIAL CENTER
SUPERIOR PART

| | |
|---|---|
| LUIS R. MALDONADO VAILLANT AND VICKY RODRIGUEZ TORRES,<br><br>Plaintiffs,<br><br>V<br><br>EUROBANK,<br><br>Defendant. | CIVIL NO.: KPE2008-0872<br><br>Re: WRONGFUL DISMISSAL -Act No. 80 of May 20, 1976, as amended<br><br>AGE DISCRIMINATION – Act No. 100 of June 30, 1959, as amended<br><br>DAMAGES – Article 1802 |

## MOTION IN COMPLIANCE OF ORDER

TO THE HONORABLE COURT:

COMES NOW plaintiff, through the undersigned attorney and respectfully states and prays:

1.    On October 2, 2008 and notified on October 7, 2008, the Honorable Court issued an Order requiring defendant to state in writing the reasons why the above captioned case should not be dismissed under Rule 39.2(b) of the Rules of Civil Procedure.

2.    Plaintiff informs that previously defendant had notified a notice to plaintiff to take the *duces tecum* depositions of plaintiffs.  Said depositions were scheduled for May 1, 2008.   However, the day before defendant's legal representation contacted us to cancel them.  Defendant has never rescheduled the depositions.

3.    Plaintiff respectfully submits that it had not taken any further steps in the case since it was awaiting the taking of deposition of the plaintiffs.

Nevertheless, we inform that plaintiff is ready to continue with the case, does not require additional discovery and therefore requests the Court schedule the Pre-Trial Conference for the next available date.

WHEREFORE, plaintiff requests this Court deem its Order complied and proceed to schedule the Pre-Trial Conference for the next available date.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, October 22, 2008.

I CERTIFY that on this same date a true copy of this motion has been sent to Carlos A. Padilla Velez, Esq., Fiddler Gonzalez & Rodriguez, P.O. Box 363507, San Juan, PR 00936-3507.

NIGAGLIONI & FERRAIUOLI LAW OFFICES, P.S.C.
Attorneys for plaintiff
P.O. Box 195384
San Juan, Puerto Rico 00919-5384
Tel. (787) 765-99666
Telefax:  (787) 751-2520

s/ illegible

Ruben T. Nigaglioni
Bar membership No. 4344
ruben@nf-legal.com

-CERTIFIED-
To be a correct translation made and/or
submitted by the interested party

Certified Court Interpreter Administrative
Office of the United States Courts

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SUPERIOR PART SAN JUAN

LUIS R. MALDONADO VAILLANT
AND VICKY RODRIGUEZ TORRES,

Plaintiffs,

V

EUROBANK, INC.

Defendant.

CIVIL NO.: KPE2008-0872  (502)

SPECIAL PROCEEDINGS
WRONGFUL DISMISSAL

CARLOS A. PADILLA VELEZ, ESQ.
FIDDLER GONZALEZ & RODRIGUEZ
P.O. BOX 363507
SAN JUAN, PR            00936-3507

NOTIFICATION OF JUDGMENT

THE UNDERSIGNED CLERK NOTIFIES YOU THAT ON OCTOBER 27,
2008 THE COURT ISSUED JUDGMENT IN THE ABOVE CAPTIONED CASE,
WHICH HAS BEEN DULY REGISTERED AND FILED IN THE RECORD O THIS
CASE, FROM WHICH YOU MAY OBTAIN IN DETAIL THE TERMS OF THE
SAME.

AND YOU BEING OR REPRESENTING THE PARTY ADVERSELY
AFFECTED BY THE JUDGMENT, WHICH MAY BE APPEALED, I ADDRESS
THIS NOTIFICATION TO YOU HAVING FILED IN THE RECORD OF THIS
CASE A COPY OF IT ON OCTOBER 31, 2008.

RUBEN T. NIGAGLIONI MIGNUCCI        ,
P.O. BOX 195384                            SAN JUAN PR
                                           00919-5384

LUIS R. MALDONADO VAILLANT ET AL

COND. SEGOVIA                    APT. 1911
SAN JUAN PR                      00918

SAN JUAN, PUERTO RICO, OCTOBER 31, 2008.

GRISELDA RODRIGUEZ COLLADO
Acting Clerk

By:   s/ illegible
      SONIA ORTIZ
      DEPUTY CLERK

-CERTIFIED-
To be a correct translation made and/or
submitted by the interested party

_illegible signature_

Certified Court Interpreter Administrative
Office of the United States Courts

2

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SUPERIOR PART SAN JUAN

| | |
|---|---|
| LUIS R. MALDONADO VAILLANT AND VICKY RODRIGUEZ TORRES, <br><br> Plaintiffs, <br><br> V <br><br> EUROBANK, <br><br> Defendant. | CIVIL NO.: KPE08-0872 <br><br> Re: WRONGFUL DISMISSAL, AGE DISCRIMINATION and DAMAGES |

**JUDGMENT**

This litigation has been inactive during the past six (6) months in this case. This Court notified all the parties and in view of the failure to comply with the Order of October 2, 2008 so that within the term of ten (10) days they express the reasons, if any, why this case should not be dismissed, due to the inactivity of the past six (6) months. Said term has passed and the parties have not expressed reasons which justify the inactivity in the lawsuit.

Pursuant to Rule 39.2(b) of Civil Procedure of 1979, the Court dismisses and closes the case due to the inactivity in the same during the past six (6) months.

REGISTER AND NOTIFY.

In San Juan, Puerto Rico, October 27, 2008.

s/
KATHERYNE D. SILVESTRY
Judge, Superior Court

I CERTIFY:

GRISELDA RODRIGUEZ COLLADO

By: SONIA A. ORTIZ
        Deputy Clerk

-CERTIFIED-
To be a correct translation made and/or
submitted by the interested party

Certified Court Interpreter Administrative
Office of the United States Courts

2

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SAN JUAN JUDICIAL CENTER
SUPERIOR PART

| | |
|---|---|
| LUIS R. MALDONADO VAILLANT AND VICKY RODRIGUEZ TORRES, | CIVIL NO.: KPE2008-0872 |
| Plaintiffs, | Re: WRONGFUL DISMISSAL -Act No. 80 of May 20, 1976, as amended |
| V | AGE DISCRIMINATION – Act No. 100 of June 30, 1959, as amended |
| EUROBANK, | DAMAGES – Article 1802 |
| Defendant. | |

## MOTION FOR RECONSIDERATION

TO THE HONORABLE COURT:

COMES NOW plaintiff through the undersigned attorney and respectfully states and prays:

1.    On October 2, 2008 and notified on October 7, 2008 the Honorable Court issued an Order requiring defendant to state in writing the reasons why the above captioned case should not be dismissed under Rule 39.2(b) of the Rules of Civil Procedure.

2.    Thereafter, on October 28, 2008, plaintiff filed a Motion in Compliance of Order stating the reasons why the above captioned cased seemed to have been inactive.  In said motion, plaintiff informed that previously defendant had notified a notice to plaintiff to take *duces tecum* depositions of the plaintiffs.  However, the day before the same defendant's legal representation contacted us to cancel the same.  Defendant never re-scheduled the taking of said depositions.

3.    In its motion, plaintiff also informed that it had not taken any further steps in the case since it was awaiting the taking of deposition of plaintiffs. However, it stated that it is ready to continue with the case, does not require additional discovery and therefore requested the Court schedule the Pre-Trial Conference for the next available date.

4.    Subsequently, defendant contacted the undersigned to reschedule plaintiff's deposition. It was scheduled for January 8, 2009.

4.    On October 27, 2008 and notified on October 31, 2008, the Honorable Court issued Judgment dismissing and filing the above captioned case under Rule 39.2(b) of the Rules of Civil Procedure. Said Judgment was received on November 3 in our offices.

5.    We respectfully understand that the Court did not have before it the Motion in Compliance of Order filed by plaintiffs prior to it issuing the judgment. Likewise, we submit that at no time has it been the intention of plaintiffs to delay the above captioned case. On the contrary, they are ready to litigate the same.

WHEREFORE, plaintiff requests that the Court reconsider the Judgment issued on October 27, 2008.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, November 6, 2008.

I CERTIFY that on this same date I have sent a true copy of this motion has been sent to Carlos A. Padilla Velez, Esq., Fiddler Gonzalez & Rodriguez, P.O. Box 363507, San Juan, PR 00936-3507.

2

NIGAGLIONI & FERRAIUOLI LAW OFFICES, P.S.C.
Attorneys for plaintiff
P.O. Box 195384
San Juan, Puerto Rico 00919-5384
Tel. (787) 765-9966
Telefax:  (787)  751-2520

s/ illegible

Ruben T. Nigaglioni
Bar membership No. 4344
ruben@nf-legal.com

-CERTIFIED-
To be a correct translation made and/or
submitted by the interested party

Certified Court Interpreter Administrative
Office of the United States Courts

3

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SUPERIOR PART SAN JUAN

LUIS R. MALDONADO VAILLANT
AND VICKY RODRIGUEZ TORRES,

Plaintiffs,

V

EUROBANK, INC.

Defendant.

CIVIL NO.: KPE2008-0872  (502)

SPECIAL PROCEEDINGS
WRONGFUL DISMISSAL

CARLOS A. PADILLA VELEZ, ESQ.
FIDDLER GONZALEZ & RODRIGUEZ
P.O. BOX 363507
SAN JUAN, PR            00936-3507

NOTIFICATION

I CERTIFY THAT IN RELATION TO THE ABOVE CAPTIONED CASED

ON NOVEMBER 12, 2008 THE COURT ISSUED THE ORDER WHICH IS

TRANSCRIBED BELOW:

1.   MOTION IN COMPLIANCE OF ORDER

ORDER:  PRE-TRIAL (CAJ) FEBRUARY 20, 2009 AT 9:00 A.M.

EXHIBIT:  ORDER SCHEDULING

2.   MOTION FOR RECONSIDERATION

ORDER:  GRANTED.  JUDGMENT OF OCTOBER 27, 2008 IS

VACATED.

S/      ʼ

KATHERYNE D. SILVESTRY HERNANDEZ

JUDGE

I ALSO CERTIFY THAT ON THIS DATE I SENT BY MAIL COPY OF THIS NOTIFICATION TO THE FOLLOWING PERSONS TO THEIR ADDRESSES INDICATED, HAVING ON THIS SAME DATE FILED IN THE RECORD A COPY OF THIS NOTIFICATION.

RUBEN T. NIGAGLIONI MIGNUCCI
P.O. BOX 195384                    SAN JUAN PR
                                   00919-5384

LUIS R. MALDONADO VAILLANT ET AL
COND. SEGOVIA                      APT. 1911
SAN JUAN PR                        00918

SAN JUAN, PUERTO RICO, DECEMBER 1, 2008.

GRISELDA RODRIGUEZ COLLADO
Acting Clerk

By:   s/ illegible
      SONIA ORTIZ
      DEPUTY CLERK

-CERTIFIED-
To be a correct translation made and/or
submitted by the interested party

Certified Court Interpreter Administrative
Office of the United States Courts

2

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SUPERIOR PART SAN JUAN

| | |
|---|---|
| LUIS R. MALDONADO VAILLANT AND VICKY RODRIGUEZ TORRES, | CIVIL NO.: KPE08-0872 (502) |
| Plaintiffs, | Re: WRONGFUL DISMISSAL, AGE DISCRIMINATION and DAMAGES |
| V | |
| EUROBANK, | |
| Defendant. | |

**ORDER**

The Pre-Trial Conference is scheduled for February 20, 2009 at 9:00 a.m. in Courtroom 502.

All discovery between the parties must be concluded within the term provided by Rule 23.4 of Civil Procedure.

The attorneys for the parties must submit the Pre-Trial Conference Report ten (10) days prior to the date scheduled for the Pre-Trial Conference.

This report must comply with the following minimum requirements:

1. Include a detailed list of the facts which the parties shall attempt to establish with their evidence, indicating which witness or document shall establish the facts.

2. A specific list of the documents offered as evidence.

3.     The legal theory of each party to justify the granting of the remedy requested, including the appropriateness of any determining defense raised.

The legal theory shall be drafted as a Memorandum of Law and shall include the appropriate legal provisions and case law which support the theory. It shall not suffice that the case of the Supreme Court be cited, the parties must cite those parts of the case they deem favorable to them.

In the conference scheduled, the attorneys for the parties must produce all the documentary evidence announced in the report to mark it and receive it as Exhibit, if its admissibility is stipulated, or as identification, if no agreement is reached.  In both cases the documentary evidence shall be retained by the Court.

Prior to the conference scheduled the attorneys must meet for the preparation of the report, to identify and simplify the controversies and to try to reach the stipulations of fact and documentary evidence.

Failure to comply by the attorneys for the parties, whether intentional or not, with the terms of this Order shall be sanctioned and shall automatically entail the cancelation of the suspension fees.

NOTIFY.

In San Juan, Puerto Rico, November 12, 2008.

s/

KATHERYNE D. SILVESTRY
Judge, Superior Court

-CERTIFIED-
To be a correct translation made and/or
submitted by the interested party

Certified Court Interpreter Administrative
Office of the United States Courts

2

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SUPERIOR PART SAN JUAN

| | |
|---|---|
| LUIS R. MALDONADO VAILLANT AND VICKY RODRIGUEZ TORRES, | CIVIL NO.: KPE2008-0872  (502) |
| Plaintiffs, | SPECIAL PROCEEDINGS WRONGFUL DISMISSAL |
| V | |
| EUROBANK, INC. | |
| Defendant. | |

CARLOS A. PADILLA VELEZ, ESQ.
FIDDLER GONZALEZ & RODRIGUEZ
P.O. BOX 363507
SAN JUAN, PR                 00936-3507

AMENDED NOTIFICATION

I CERTIFY THAT IN RELATION TO THE MOTION IN COMPLIANCE OF

ORDER ON  NOVEMBER 12, 2008 THE COURT ISSUED THE ORDER WHICH

IS TRANSCRIBED BELOW:

PRE-TRIAL (CAJ) FEBRUARY 20, 2009 AT 9:00 A.M.

EXHIBIT:  ORDER SCHEDULING

NOTE:  Amended to correct dates of notification orders.



S/

KATHERYNE D. SILVESTRY HERNANDEZ

JUDGE

I ALSO CERTIFY THAT ON THIS DATE I SENT BY MAIL COPY OF

THIS  NOTIFICATION  TO  THE  FOLLOWING  PERSONS  TO  THEIR

ADDRESSES INDICATED, HAVING ON THIS SAME DATE FILED IN THE

RECORD A COPY OF THIS NOTIFICATION.

RUBEN T. NIGAGLIONI MIGNUCCI
P.O. BOX 195384                    SAN JUAN PR
                                   00919-5384

LUIS R. MALDONADO VAILLANT ET AL
COND. SEGOVIA                      APT. 1911
SAN JUAN PR                        00918

SAN JUAN, PUERTO RICO, DECEMBER 3, 2008.

GRISELDA RODRIGUEZ COLLADO
Acting Clerk

By:    s/ illegible
       SONIA ORTIZ
       DEPUTY CLERK

-CERTIFIED-
To be a correct translation made and/or
submitted by the interested party

Certified Court Interpreter Administrative
Office of the United States Courts

2

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SUPERIOR PART SAN JUAN

| | |
|---|---|
| LUIS R. MALDONADO VAILLANT AND VICKY RODRIGUEZ TORRES, | CIVIL NO.: KPE08-0872 (502) |
| Plaintiffs, | Re: WRONGFUL DISMISSAL, AGE DISCRIMINATION and DAMAGES |
| V | |
| EUROBANK, | |
| Defendant. | |

**ORDER**

The Pre-Trial Conference is scheduled for February 20, 2009 at 9:00 a.m. in Courtroom 502.

All discovery between the parties must be concluded within the term provided by Rule 23.4 of Civil Procedure.

The attorneys for the parties must submit the Pre-Trial Conference Report ten (10) days prior to the date scheduled for the Pre-Trial Conference.

This report must comply with the following minimum requirements:

1.   Include a detailed list of the facts which the parties shall attempt to establish with their evidence, indicating which witness or document shall establish the facts.

2.   A specific list of the documents offered as evidence.

3.     The legal theory of each party to justify the granting of the remedy requested, including the appropriateness of any determining defense raised.

The legal theory shall be drafted as a Memorandum of Law and shall include the appropriate legal provisions and case law which support the theory. It shall not suffice that the case of the Supreme Court be cited, the parties must cite those parts of the case they deem favorable to them.

In the conference scheduled, the attorneys for the parties must produce all the documentary evidence announced in the report to mark it and receive it as Exhibit, if its admissibility is stipulated, or as identification, if no agreement is reached.   In both cases the documentary evidence shall be retained by the Court.

Prior to the conference scheduled the attorneys must meet for the preparation of the report, to identify and simplify the controversies and to try to reach the stipulations of fact and documentary evidence.

Failure to comply by the attorneys for the parties, whether intentional or not, with the terms of this Order shall be sanctioned and shall automatically entail the cancelation of the suspension fees.

NOTIFY.

In San Juan, Puerto Rico, November 12, 2008.

s/          ,

KATHERYNE D. SILVESTRY
Judge, Superior Court

-CERTIFIED-
To be a correct translation made and/or
submitted by the interested party

Certified Court Interpreter Administrative
Office of the United States Courts

2

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SUPERIOR PART SAN JUAN

| | |
|---|---|
| LUIS R. MALDONADO VAILLANT AND VICKY RODRIGUEZ TORRES, | CIVIL NO.: KPE2008-0872  (502) |
| Plaintiffs, | SPECIAL PROCEEDINGS WRONGFUL DISMISSAL |
| V | |
| EUROBANK, INC. | |
| Defendant. | |

CARLOS A. PADILLA VELEZ, ESQ.
FIDDLER GONZALEZ & RODRIGUEZ
P.O. BOX 363507
SAN JUAN, PR          00936-3507

AMENDED NOTIFICATION

I CERTIFY THAT IN RELATION TO THE MOTION FOR RECONSIDERATION ON  NOVEMBER 21, 2008 THE COURT ISSUED THE ORDER WHICH IS TRANSCRIBED BELOW:

GRANTED.  JUDGMENT OF OCTOBER 27 , 2008  IS VACATED AND SET ASIDE.

NOTE: IT IS AMENDED TO CORRECT DATES OF ORDERS OF NOTIFICATION.

S/

KATHERYNE D. SILVESTRY HERNANDEZ

JUDGE

I ALSO CERTIFY THAT ON THIS DATE I SENT BY MAIL COPY OF THIS NOTIFICATION TO THE FOLLOWING PERSONS TO THEIR

ADDRESSES INDICATED, HAVING ON THIS SAME DATE FILED IN THE

RECORD A COPY OF THIS NOTIFICATION.

RUBEN T. NIGAGLIONI MIGNUCCI
P.O. BOX 195384                      SAN JUAN PR
                                     00919-5384

LUIS R. MALDONADO VAILLANT ET AL
COND. SEGOVIA                        APT. 1911
SAN JUAN PR                          00918

SAN JUAN, PUERTO RICO, DECEMBER 3, 2008.

GRISELDA RODRIGUEZ COLLADO
Acting Clerk

By:   s/ illegible
      SONIA ORTIZ
      DEPUTY CLERK

-CERTIFIED-
To be a correct translation made and/or
submitted by the interested party

Certified Court Interpreter Administrative
Office of the United States Courts

2