IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS MALDONADO VAILLANT and VICKY RODRÍGUEZ TORRES,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of EUROBANK, INC.<br><br>Defendant | CIVIL NO. 10-1700(JAG)<br><br><br>RE:<br><br>ALLEGED WRONGFUL DISCHARGE, DISCRIMINATION AND TORTS |

**MOTION SHOWING CAUSE**

TO THE HONORABLE JAY A. GARCÍA GREGORY
UNITED STATES DISTRICT JUDGE

The plaintiffs through the undersigned attorney respectfully allege and pray as follows:

1. An order to show cause was issued as to why the captioned case should not be dismissed since the FDIC notified that the herein claim was disallowed for plaintiffs' failure to file a claim by the bar date of August 4, 2010 (Docket No. 17).

2. Pursuant to the aforestated, the herein appearing parties inform the court as follows:

   a. The case was commenced in the Puerto Rico Court of First Instance, Superior Section - San Juan.

   b. The complaint was filed; depositions were taken; a dispositive motion was filed and opposed; and drafts of the pretrial document were made. That was the status of the case by the time that Eurobank was closed and the FDIC was appointed as receiver on April 30, 2010.

   c. Pursuant to a letter dated July 14, 2010, the FDIC attempted to give notice to Luis R. Maldonado Vaillant, one of the plaintiffs herein, of the Claims Bar

        Date of August 4, 2010.  Said attempted notice was sent through the undersigned attorney's address.  No attempt whatsoever was ever made to notify Ms. Vicky Rodriguez Torres.  It should be noted that no attempt was made to notify the plaintiff's personally at their usual place of residence although the FDIC knew or should have known plaintiff's home address.

d.   At the time that the aforementioned notice was received at the undersigned postal address, the undersigned was not in Puerto Rico since he was on his way to Turkey to attend the World Basketball Championship of 2010.  Therefore, said correspondence remained unopened until the undersigned returned from Turkey.

e.   Upon the undersigned return, the Proof of Claim was immediately sent to the FDIC.  On September 17, 2010, the FDIC acknowledged receipt of the proof of claim; but stated that it was not received before the bar date.

f.   On July 22, 2010, the FDIC removed the captioned case to this court.  It should be noted that at that time the undersigned was not present in Puerto Rico; and the bar date to file a claim has not elapsed (Docket No. 1).

g.   12 U.S.C. §1821(k)(3)(c) requires the FDIC to mail a notice to any creditor of a failed institution in which the FDIC has been appointed as a receiver "i. at the creditor's last address in the books and records" of the failed institution; or 'ii.  upon discovery of the name and address of a claimant not appearing on the institution books".

h.   The notice upon a claimant who appears in the failed institution books and records must be made by the FDIC by the date of publication of notice in a newspaper; and if claimant's name and address does not appear in the

        failed institution books and records, said notice must be sent within thirty (30) days after the discovery of claimant's identity and their address.

i.     In the instant case, claimants' name and address appeared in Eurobank's books and records because co-plaintiff Maldonado-Vaillant worked at Eurobank, had been deposed before Eurobank failed; and a claim by claimants against Eurobank was pending at the time FDIC was appointed as receiver of Eurobank.

j.     Pursuant to 12 U.S.C. §1821(F)(ii); the filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed <u>before the appointment</u> of a receiver."

k.     In the instant case, the FDIC failed to give timely notice to claimants of the requirement to file a claim, failed to give such notice to the claimants themselves at the address known by FDIC; in any event such notice was unnecessary since the action was pending prior to the appointment of the FDIC as a receiver; and the FDIC was well aware of such claims since it defended the claims after it was appointed as receiver and removed the case to this court before the bar date for filing claims.

WHEREFORE, it is respectfully submitted that the captioned case should not be dismissed. Moreover, it is requested that notice be taken of plaintiffs' compliance with the order to show cause.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 18th day of January, 2011.

The undersigned hereby certify that on January 18, 2011 the instant document has been filed with the Court's CM/ECF System, which will simultaneously serve electronic notice on all counsel of record.

*s/Rubén T. Nigaglioni*
Rubén T. Nigaglioni
USDC PR No. 119901
**NIGAGLIONI + FERRAIUOLI**
Law Offices PSC
Attorneys for Plaintiffs
P. O. Box 195384
San Juan, Puerto Rico 00919-5384
Telephone: (787)765-9966
Telefax: (787)751-2520
notices@nf-legal.com