IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS MALDONADO-VAILLANT, VICKY RODRIGUEZ-TORRES<br><br>**Plaintiffs**<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Eurobank, Inc.<br><br>**Defendant** | **CIVIL NO.** 10-1700 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is Federal Deposit Insurance Corporation's, as Receiver of Eurobank Inc., Motion to Dismiss. (Docket No. 23). For the reasons set forth below, the Court **GRANTS** the Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico ("Commissioner") closed Eurobank on April 30, 2010. As it is required by law, the Commissioner appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver of the failed bank.

On July 14, 2010, due to a suit pending before the Puerto Rico Court of First Instance against Eurobank, the FDIC sent

Luis R. Maldonado Vaillant and Vicky Rodriguez Torres a notice letter through their counsel of record. The letter informed Plaintiffs of their right to file an administrative claim before the FDIC. It also indicated that such claim had to be submitted on or before August 4, 2010. It was not until September 17, 2010 that the Plaintiffs' Proof of Claim was received by the FDIC. The Claim was thus disallowed by the FDIC. (Docket No. 23).

On July 22, 2010, the FDIC removed the case from the state court to this Court. (Docket No. 1). Once removed, the Court ordered the Plaintiffs to show cause as to why the case should not be dismissed given that their claim was disallowed by the FDIC. (Docket No. 17). Plaintiffs filed a Motion Showing Cause on January 18, 2011. They allege, in essence, that the notice was only received by their attorney and that no attempt to notify them personally at their usual place of residence was made by the FDIC, although it knew or should have known their home address.

On March 14, 2011, the FDIC filed a Motion to Dismiss. (Docket No. 23). It posits that the District Court lacks subject-matter jurisdiction because the Plaintiffs failed to exhaust the mandatory administrative process. Specifically, they argue that the Plaintiffs were properly notified by the FDIC but they submitted their claim after August 4, 2010, the Claim Bar Date.

Plaintiffs timely opposed the FDIC's Motion to Dismiss. (Docket No. 26). In the motion, they aver essentially the same arguments that where presented in the Motion to Show Cause. (Docket No. 22). Once again, they argue that the FDIC failed to properly notify them, in violation of the administrative procedure applicable.

## STANDARD OF REVIEW

In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 599). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990). While Twombly does not require of plaintiffs a heightened fact pleading of specifics, it does require enough facts to have "nudged their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Accordingly, in order to avoid dismissal, a plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555.

In Ashcroft v. Iqbal, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court upheld Twombly and clarified that two

Civil No. 10-1700 (JAG)                                                    4

underlying principles must guide this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. See Iqbal, 129 S.Ct. at 1949-50.

The First Circuit has recently relied on these two principles as outlined by the Supreme Court. See Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950 (citing Twombly, 550 U.S. at 556). Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility. Iqbal, 129 S.Ct. At 1950. Determining the existence of plausibility is a "context-specific task" which "requires the court to draw on its judicial experience and common sense." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore,

such inferences must be at least as plausible as any "obvious alternative explanation." Id. at 1950-51 (citing Twombly, 550 U.S. at 567).

**ANALYSIS**

The Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), Pub. L. No. 101-73, 103 Stat. 183 §§ 101-1404, established the FDIC as the authority, as conservator or receiver, "which will succeed to all rights, titles, powers, and privileges of the insured depository institution." 12 U.S.C. § 1821(d)(2)(A). In order for the FDIC to evaluate and determine claims against a failed institution, efficiently and effectively, FIRREA established a mandatory administrative claim process, which shall be exhausted by every claimant.

The FDIC has to notify the claimant of the failed depository institution's "changing of the guard." Once the appropriate governmental entity (in the case of Puerto Rico, the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico) appoints the FDIC as receiver of the failed depository institution, it has to publish a notice to the depository institution's claimants of their obligation to present their claims by a specific date in order to liquidate or conclude all pending affairs. The bar date must be at least 90 days after said notice. It has to be republished approximately one and two months, respectively, after the first publication.

12 U.S.C. § 1821(d)(3)(B). Simultaneous to the first publication, the FDIC has to mail a similar notice to any claimant shown on the failed institution's books; or within 30 days after the name and address of a claimant not appearing on the institution's books is known. 12 U.S.C. § 1821(d)(3)(C). Failure to mail the notice, however, will not exempt the claimant from exhausting the administrative process. The statute does not provide a waiver or exception if the notice is not mailed. Freeman v. FDIC, 56 F.3d 1394 (D.C. Cir. 1995); Accord v. FDIC, 45 F.3d 1278, 1285 (9th Cir. 1994); Melieze v. RTC, 952 F.2d 879, 882 (5th Cir. 1992).

The determination of whether to allow or disallow the claim will be deemed satisfied once it is mailed to the last address of the claimant. The address can be found on either the depository institution's books, the claim filed by the claimant, or documents submitted as proof of the claim. 12 U.S.C. § 1821(d)(5)(A)(iii). If the claim is disallowed, the notice has to include a statement of each reason for the disallowance and the procedure available for obtaining an administrative or judicial review of the determination to disallow the claim. 12 U.S.C. § 1821(d)(5)(A)(iii).

Due to the administrative process requirements prescribed by FIRREA, a judicial bar has been imposed on "any claim that seeks payment, or determination of rights from the assets of the

Civil No. 10-1700 (JAG)                                                    7

failed institution, for which the corporation has been named receiver, if said process is not completed." 12 U.S.C. § 1821(d)(13)(D); Loyd v. FDIC, 22 F.3d 335 (1st Cir. 1994); Marquis v. FDIC, 965 F.2d 1148, 1153 (1st Cir. 1992).

Because of subsection 1821(d)(13)(D), any claim out, who does not exhaust the administrative process, will lose its rights to pursue any claim against the failed institution's assets in any court. The First Circuit explained in Marquis that this jurisdictional bar applies to three distinct kinds of claims or actions: "[1] all claims seeking payment from the assets of the affected institutions; [2] all suits seeking satisfaction from those assets; and [3] all actions for the determination of rights vis-a-vis those assets." Freeman v. FDIC, 56 F.3d 1394, 1400 (D.C. Cir. 1995)(citing Marquis).

Multiple circuits have also decided, due to the controversy arising from interpretation of subsection 1821(d)(5)(F)(ii), that even if the claim were commenced before the appointment of the receiver, claimants would have to exhaust the administrative process. It has been decided that, in order to fulfill Congress' intentions of ensuring that all claims be expeditiously and effectively managed by the FDIC, pre-receiver claims would also have to exhaust the administrative process. These claims will be suspended, not dismissed, until the administrative process is exhausted. RTC v. Mustang Partners, 946 F.2d 103, 106 (10th Cir.

1991) ("No interpretation is possible which would excuse this requirement for [claimants] with suits pending, or allow the filing of a suit to substitute for the claim process."); Marquis, *supra* (a district court has to dismiss fully a pre-receiver claim if, once notified of receiver's appointment, has not exhausted the administrative process); Brady v. RTC, 14 F.3d 998 (4th Cir. 1994) ("[p]ermitting this action to go forward would thwart FIRREA's purpose and permit [claimant] to evade the comprehensive administrative claims procedures envisioned by the statute.").

An exception exists regarding the claimant's obligation to exhaust the strict requirements of the administrative remedies. The statute indicates that the exception will only apply if the claimant "did not receive notice of the facts of the appointment of the receiver." This exception does not apply to claimants who are aware of the appointment of a receiver but who do not receive notice of the filing deadline. RTC v. Haith, 133 F.3d 574 (8th Cir. 1998)(citing Reierson v. RTC, 16 F.3d 889, 891-92 (8th Cir. 1994)). As long as the claimants are aware of the appointment of the receiver, through personal knowledge or through a representative, the requirements of 12 U.S.C. § 1821(d)(3)(B) will be satisfied. Reierson v. RTC, 16 F.3d 889 (8th Cir. 1994).

Plaintiffs' counsel argues that his clients were not properly notified of the FDIC's appointment as receiver of Eurobank. He indicates that during the period that the notice was mailed, he was outside of the jurisdiction. Once he arrived in Puerto Rico, he swiftly filed their claim. He avers that the claim was timely filed pursuant to the requirements of § 1821(d)(3)(B) and that the bar date had not been exhausted.

The court considers that, in the present case, there is no reason to find that Plaintiffs did not have knowledge of the receiver's appointment. Once the FDIC was appointed receiver of Eurobank, it sent Plaintiffs a written notice through their counsel of record. An affidavit by Dennis E. Hollister, resolution and receivership specialist/claims agent for the FDIC, states that the notice was sent to Nigaglioni & Ferraiuoli Law Offices, P.S.C. at their address of record. (Docket No. 23-1). The letter informed Plaintiffs of their right to submit an administrative claim to the FDIC. It stated that the claim bar date was August 4, 2010. A person signed for receipt of the Claims Notice on July 23, 2010. Yet, it was not until September 17, 2010 that the FDIC received the proof of claim by the Plaintiffs.

It has been previously decided that when a receiver knows that a claimant is represented by counsel with regard to a claim, and especially when litigation is pending, it is entirely

Case 3:10-cv-01700-JAG   Document 28   Filed 04/25/11   Page 10 of 10

Civil No. 10-1700 (JAG)                                                10

proper for the receiver to notify the claimant of the receivership via his or her attorney. Bueford v. RTC, 991 F.2d 481 (8th Cir. 1993) (citing Irwin v. Veterans Admin., 498 U.S. 89 (1990)). Indeed, to do otherwise might be an improper communication with a represented party, and could well be a breach of professional ethics. Id.; see Fed.R.Civ.P. 5(b)("[w]henever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party is ordered by the court").

Therefore, given that Plaintiffs failed to timely exhaust the mandatory claims process prescribed by 12 U.S.C. § 1821(d)(13)(D), the Court finds that it lacks subject-matter jurisdiction to entertain the case at bar.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is hereby **GRANTED**. (Docket No. 23). Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of April, 2011.

                                              S/ Jay A. García-Gregory
                                              JAY A. GARCÍA-GREGORY
                                              United States District Judge